8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF ECORSE, CHARLES HUNTER,
KIMBERLY INGLE, BETTY COMPTON,
MARCIA BROWN, TANSLEY ANN CLARKSTON,
and all others similarly situated,

04-74653
04-74654

    Plaintiffs,

v

Case No. ~~05-71074~~
HON. Avern Cohn

UNITED STATES STEEL CORPORATION,
a foreign corporation,
doing business in the State of Michigan.

    Defendant.

_____

MACUGA & LIDDLE, P.C.
PETER W. MACUGA, II (P28114)
STEVEN D. LIDDLE (P45110)
Attorneys for Plaintiffs
975 E. Jefferson Avenue
Detroit, Michigan 48207-3101
(313) 392-0015

DONNELLY W. HADDEN (P14507)
Attorney for Plaintiffs, Bloodworth,
Walker, Bradley, Miller, Moore, Perkins,
Slater, Jr, Taylor and Tucker
2395 S. Huron Parkway, #200
Ann Arbor, MI 48104-5129
(734) 477-7744

CLARK HILL, PLC
Jack O. Kalmink (P24087)
Mary A. Kalmink (P42954)
Attorneys for Defendant
500 Woodward Ave., Ste. 3500
Detroit, Michigan 48226-3435
(313) 965-8300

SWUIRE, SANDERS & DEMPSY, L.L.P
Van Carson
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114-1304
(216) 479-8500

UNITED STATES STEEL CORPORATION
LAW DEPARTMENT
William J. McKim
David L. Smiga
Attorneys for United States Steel Corp.
600 Grant Street, Room 1500
Pittsburgh, PA 15219-2800

_____

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Proceeding with this case as Class Action provides this court with the superior method of adjudication . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        1.    Allegations of individual damage issues are grossly insufficient to undermine the superiority and applicability of class certification provided in this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

MACUGA & LIDDLE, P.C.
975 E. JEFFERSON AVE.
DETROIT, MICHIGAN 48207-3101
TELEPHONE (313) 392-0015

## INDEX OF AUTHORITIES

page(s)

**Cases**

*Mullen v. Treasure Chest Casino, LLC,*
    86 F.3d 620 (5 Cir.1999), *cert. denied,* 528 U.S. 1159 (2000) .................... 3, 5

*Olden v. Lafarge,*
    383 F.3d 495 (6th Cir. 2004) ........................................... 2, 3, 4

*Sterling v. Velsicol Chemical Corp.,*
    855 F.2d 1188 (6th Cir. 1988) ............................................. 4

**Court Rules**

FRCP 23 ............................................................ 4, 5

MACUGA & LIDDLE, P.C.
975 E. JEFFERSON AVE
DETROIT, MICHIGAN 48207-3105
TELEPHONE (313) 392-0015

## I. INTRODUCTION

Despite Defendant's rhetoric, the simplicity of this case cannot be distorted. In violation of the Plaintiffs' rights, emissions from the Defendant's steel manufacturing facility continue to blanket Plaintiffs' property thereby causing material injury. Consequently, this case focuses on a single course of conduct carried out by Defendant against the entire putative class; Defendant's contamination of Plaintiffs' properties.

The Defendant would prefer, however, to obscure the issue by engaging in preposterous finger pointing to lay blame for its pollution elsewhere. But the fact remains that Defendant has caused Plaintiffs to suffer damages. This case ideal for class certification.

Plaintiffs' proposed class action allows this Court to efficiently deal with potentially hundreds of claims against the Defendant. Conversely, Defendant would have this Court litigate each Plaintiff's claim individually and decide liability, causation and damages with respect to each individual Plaintiff. There is no need for such a preposterous result when the class action mechanism offers the perfect method for adjudication of Plaintiffs' claims.

Defendant argues that Plaintiffs' individualized damages warrant the denial of class certification. Individual damages, however, are not a bar to class certification and do not negate Plaintiffs' request for common and undivided relief. For example, Plaintiffs are seeking, among other relief, monetary damages for diminution in property value. The amount of Plaintiffs' diminution damages are easily ascertainable by the same method of mass appraisal utilized by local taxing authorities on an annual basis for real property tax purposes. Defendant's remaining

1

arguments deal with the merits of the case and are not relevant in response to Plaintiffs' Motion for Class Certification.

## LEGAL ARGUMENT

A. **Proceeding with this case as Class Action provides this court with the superior method of adjudication.**

It is no surprise then that Defendant tries to bury and pays mere lip service to *Olden v. Lafarge*, 383 F.3d 495 (6th Cir. 2004) since it is right on point and supports Plaintiffs' motion in favor of class certification.[1]

In its response, Defendant's two main arguments against class certification are centered around Plaintiffs' proposed class definition and the argument that individual issues supposedly predominate over those concerning the class. *Olden* completely negates these arguments.

Defendant's argument that Plaintiffs' class definition would require this Court to resolve core merit issues as a precondition to class membership is absurd.[2] The Olden court certified a class of "all owners of single family residences in the City of Alpena whose persons or property was damaged by toxic pollutants and contaminants which originated from the LaFarge cement manufacturing facility located in Alpena Michigan." *Olden*, 383 F.3d at 507, quoting *Olden v. Lafarge*, 204 F.R.D. 254, 271 (E.D. Mich. 2001). This class definition is, for all practical purposes, identical to the Hunter Plaintiffs' proposed class definition.

---

[1] See Exhibit 2.

[2] In any event, is appears that Defendant's problem with Plaintiffs' proposed class definition could be rectified with the mere addition of "alleged." Thus the class definition could easily read: "All natural persons. . . whose rights have *allegedly* been violated . . ."

2

Other courts have also determined that similar class definitions do not require a determination as to liability. In *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620 (5 Cir.1999), *cert. denied*, 528 U.S. 1159 (2000), the Court rejected the defendant's argument that being a member of the class was contingent upon ultimate issues of causation, i.e., whether the class member's illness was caused or exacerbated by the defective ventilation system. Instead, the Court determined if class members are linked by a common complaint, class membership would not be defeated even though some individuals may possibly fail to prevail on their individual claims. *Id.* at 1080. Thus, it is evident that Plaintiffs' class definition is more than adequate.

Plaintiffs' proposed class is rationally defined to encompass residents of Ecorse who have suffered damage as a result of the emissions from Defendant's facility. Further, Plaintiffs' class definition is meant to encompass the 888 residents retained by Macuga & Liddle, P.C. and the 1030 that have contacted the firm to voice their complaints. A small sample of these complaints have been attached as Exhibit 1.

The *Olden* Court also summarily rejected the defendant's argument that certification was improper because there supposedly were a number of individual liability and damage issues; the same argument made by the Defendant in this case. Instead the *Olden* Court determined that the plaintiffs' claims arose from a single course of conduct. This determination was made even though the Olden case arguably involved more individualized issues than this case ever could. This case is limited to complaints of fallout whereas Olden involved both fallout and odors. Finally, the Olden plaintiffs were seeking damages for personal injuries whereas the Hunter Plaintiffs are not.

3

The *Olden* case presents exactly the same issues which exist in this case. Thus, the Sixth Circuit has already issued an opinion negating each of this Defendant's arguments against class certification. There can be no doubt that proceeding with this case as a class action provides the superior method of adjudication.

1. **Allegations of individual damage issues are grossly insufficient to undermine the superiority and applicability of class certification provided in this case.**

In order to simply distract the Court, Defendant alleges that the differing level of injury suffered by the Plaintiffs somehow precludes a finding of a common issue of fact or law. However, Rule 23 simply does not require identical damages.[3] Further, this issue has already been thoroughly addressed by the Sixth Circuit in *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188 (6th Cir. 1988). In *Sterling*, the members of the proposed class asserted personal injury damages from the consumption of water contaminated by the defendant's chemicals. The Sixth Circuit, in upholding the district court's certification of the case as a class action, found that "[t]he single major issue distinguishing the class members is the nature and amount of damages, if any, that each sustained." *Sterling, supra.* at 1197. Despite these differences, the *Sterling* Court held that "the mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible." *Sterling, supra.* at 1197. The common issues in this case predominate over individual issues, and Defendant's contrary position is without merit.

---

[3] If need be, the possible varying degree of damage can be dealt with a bifurcation of liability and damages as was done in both *Olden* and *Sterling.*

4

In an obvious last ditch effort to redeem its position, Defendant argues that Plaintiff Charles Hunter is not an adequate representative because he was unclear as to the injunctive relief, had not read the Complaint and did not recognize that his address was listed incorrectly. These issues have nothing to do with adequacy of representation. Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests. *Mullen*, supra. . See also *FRCP 23(a)(4)*. Further, perhaps Defendant has forgotten that Mr. Hunter is a layman and may not be comfortable with legalese or that he was nervous during his deposition and did not notice that his address was incorrect. In any event, Defendant acknowledged that Mr. Hunter had been a participant in previous litigation and had been the recipient of a settlement. Thus, Mr. Hunter is obviously a concerned resident that is active in his community. There is no conflict amongst the named Plaintiffs and the putative class members in this case and Mr. Hunter is an adequate representative of the class.

## CONCLUSION

WHEREFORE Plaintiffs, Charles Hunter, et al. and all others similarly situated, pray that this Honorable Court grant Plaintiffs' Motion for Class Certification.

Respectfully submitted,
MACUGA & LIDDLE, P.C.

PETER W. MACUGA (P28114)
LAURA L. SHEETS (P63270)
Attorneys for Plaintiffs

Dated: October 6, 2005