UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF RIVER ROUGE,
a Municipal Corporation,

    Plaintiff,

v.

UNITED STATES STEEL CORPORATION,
a Delaware corporation,

    Defendant.

Case No. 04-74653
Honorable Avern Cohn

**PLAINTIFF CITY OF RIVER ROUGE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

_____

| | |
|---|---|
| CHARFOOS & CHRISTENSON, P.C.<br>Jason J. Thompson  (P47184)<br>L. S. Charfoos (P11799)<br>5510 Woodward Avenue<br>Detroit, MI 48202<br>(313) 875-8080 | CLARK HILL PLC<br>Jack O. Kalmink (P24087)<br>Mary A. Kalmink (P42954)<br>500 Woodward Avenue, Suite 3500<br>Detroit, MI 48226<br>(313) 965-8300 |
| BERRY MOORMAN P.C.<br>Hugh B. Thomas (P40884)<br>James P. Murphy (P36728)<br>535 Griswold, Suite 1900<br>Detroit, MI 48226<br>(313) 496-1200 | SQUIRE SANDERS & DEMPSEY, LLP<br>Van Carson<br>4900 Key Tower, 127 Public Square<br>Cleveland, OH 44114-1304<br>(216) 479-8500 |
| David A. Bower (P38004)<br>10600 West Jefferson, Suite 204<br>P.O. Box 18190<br>River Rouge, MI 48218<br>(313) 842-1292 | U.S. STEEL CORPORATION<br>LAW DEPARTMENT<br>William J. McKim<br>David L. Smiga<br>600 Grant Street, Room 1500<br>Pittsburgh, PA 15219-2800 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

_____

**PLAINTIFF CITY OF RIVER ROUGE'S**

## **RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The Defendant makes three arguments in their motion, two of which have merit and one that is without merit. First, Defendant is correct that the Michigan Supreme Court recently ruled against a claim for medical monitoring in the case of <u>Henry v. Dow Chemical</u>. Whether that ruling applies to this case is a question of law for this court to decide. Second, Defendant is also correct in arguing that the City of River Rouge's Complaint contained no allegations necessary to plead a class action.

However, Defendant is completely incorrect to argue that the City cannot maintain the causes of action filed for the reasons set forth in the attached brief.

                                             Respectfully submitted,

                                             CHARFOOS & CHRISTENSEN, P.C.

                                             <u>s/ Jason J. Thompson</u>
                                             JASON J. THOMPSON (P47184)
                                             L. S. CHARFOOS (P11799)
                                             IAN B. BOURGOINE (P63160)
                                             Attorneys for Plaintiffs
                                             5510 Woodward Avenue
                                             Detroit, MI 48202
                                             (313) 875-8080

November 4, 2005

**TABLE OF CONTENTS**

**Page**

Index of Authorities…………………………………………………………………………..3

Issues Presented…………………………………………………………………………………4

Introduction……………………… ……………………………………… …………….5

Conclusion…………………………………………………………………………………..9

## INDEX OF AUTHORITIES

**Cases**                                                                                                          **Page**

*City of Grand Rapids v. Weiden*
97 Mich. 82, 56 N.W. 233. Id. at 342……………………………………………………..8

*City of Jackson v. Thompson-McCully Co.*
239 Mich.App. 482, 608 N.W.2d 531 (2000)…………………………………………7

*Township of Garfield v. Young*
348 Mich. 337, 82 N.W.2d 876 (1957)……………………………………...……7

*Township of Kalamazoo v. Lee,*
228 Mich. 117, 199 N.W. 609…………………… ……………………………8

*Township of Holly v. Department of Natural Resources*
194 Mich. App. 213, 486 N.W.2d 307 (1992)……………………………………….7

*Muskegon Booming Company v. Evart Booming Company*
 34 Mich. 462…………………………………… ……………………………………8

*Wayne Prosecuting Attorney v. Martin*
314 Mich. 317, 22 N.W.2d 381……………………………… …………………….. 8

**Statues**

F.R.C.P. 12(b)(6) ……………………………………………………………………..9

MCL 324.20126(1)(a)………………………………………………………………..6

MCL 324.20135(1)(b)………………………………………………………………..6,7

MCL 324.20101(1)(bb)……………………………………………………………….7

MCL 324.20101(1)(ee)……………………………………………………………….7

## ISSUES PRESENTED

Plaintiff states:

    Whether the City if River Rouge has standing to bring the causes of action pleaded in their complaint?

Defendant states:

    Whether the complaint filed by the City of River Rouge warrants dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim against U.S. Steel upon which relief may be granted when River Rouge purports: (1) to maintain a suit on behalf of its citizens without having the standing to do so; (2) to bring a class action complaint against U.S. Steel without raising a single class action allegation; and (3) to seek medical monitoring relief when the Michigan Supreme Court has held that no such relief is available under Michigan law.

**BRIEF IN SUPPORT OF PLAINTIFF CITY OF RIVER ROUGE'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

The City of River Rouge has standing to bring this cause of action against defendant U.S. Steel because a City is empowered to file civil actions pursuant to the Michigan Natural Resources and Environmental Protection Act (NREPA) and for public nuisances. Plaintiff's Complaint extensively outlines the pollution caused by the Defendant's steel plant's operations. Plaintiff alleges Defendant's air pollution causes property damage, public health risk and nuisance damages in violation of federal and state law. Plaintiff pleaded as a basis for its standing to bring the claims contained in its Complaint (See ¶ 1) and Plaintiff asserted damages caused by Defendant's pollution in the form of clean-up costs and medical bills for its employees (See ¶73).

**COUNT I OF PLAINTIFF'S COMPLAINT IS BASED ON DEFENDANT'S
VIOLATION OF THE MICHIGAN ENVIRONMENTAL PROTECTION ACT,
OR NREPA. M.C.L. § 324.101 *ET SEQ.***

Defendant completely ignores the complaint filed in this action. Specifically, Defendant ignores the fact that Plaintiff has filed a cause of action under Part 201 of the NREPA, which provides various forms of liability for persons responsible for environmental contamination. Stated laconically, "[t]he owner or operator of a facility [is liable] if the owner or operator is responsible for an activity causing a release or threat of release." MCL 324.20126(1)(a). Such an owner or operator is jointly and severally liable for "[a]ny ... necessary costs of response activity incurred by any ... person consistent with rules relating to the selection and implementation of response activity[.]" MCL 324.20126a(1)(b). Part 201 of the NREPA defines a "release" as "any spilling,

6

leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing of hazardous substance into the environment [.]" MCL 324.20101(1)(bb). It also defines a "response activity" as "the taking of ... actions necessary to protect the public health, safety, or welfare, or the environment." MCL 324.20101(1)(ee).

In fact, a "local unit of government," has express standing to recover such response activity costs in a civil action. MCL 324.20135(1)(b). (*See also*, *Township of Holly* v. *Department of Natural Resources* 194 Mich. App. 213, 486 N.W.2d 307 (1992)) Furthermore, The City of River Rouge complied with the notice provisions of the Act providing written notices to the Attorney General of March 24, 2004, as otherwise fully complied with the necessary requirements to bring its cause of action. Defendant is wrong to argue the City of River Rouge has no standing and their motion must be denied.

## COUNT III OF PLAINTIFF'S COMPLAINT ALLEGES A PUBLIC NUISANCE

Next, Defendant ignores Count III of Plaintiff's complaint, entitled "Public Nuisance". Michigan Courts provide that a corporation that discharges toxic and hazards substance into the environment may be held liable for creating a public nuisance. Government entities have been permitted to sue for environmental nuisance. *City of Jackson v. Thompson-McCully Co. 239 Mich.App. 482, 608 N.W.2d 531 (2000; Township of Garfield v. Young 348 Mich. 337, 82 N.W.2d 876 (1957).* In *Garfield, supra,* the Michigan Supreme Court cited several examples of nuisance suits properly brought by municipalities:

7

*'To be considered public, the nuisance must affect an interest common to the general public, rather than peculiar to one individual, or several. * * * It is not necessary, however, that the entire community be affected, so long as the nuisance will interfere with those who come in contact with it in the exercise of a public right.' Prosser, supra, § 71.*

As such, the activity must be harmful to the public health, Township of Kalamazoo v. Lee, 228 Mich. 117, 199 N.W. 609; or create an interference in the use of a way of travel, Attorney General ex rel. Muskegon Booming Company v. Evart Booming Company, 34 Mich. 462; or affect public morals, State ex rel. Wayne Prosecuting Attorney v. Martin, 314 Mich. 317, 22 N.W.2d 381, or prevent the public from the peaceful use of their land and the public streets, City of Grand Rapids v. Weiden, 97 Mich. 82, 56 N.W. 233. Id. at 342.

Therefore, Plaintiff City of River Rouge has standing to bring its cause of action as pleaded, and Defendant's motion should be denied.

### DEFENDANT PRETENDS PLAINTIFF HAS NOT FILED SUIT IN ITS CAPACITY AS A CITY

Having ignored the actual complaint filed, Defendant tries to re-characterize Plaintiff's complaint as one brought on behalf of others, as opposed to one filed in its capacity as a cit y. Defendant tries to label the case as one base on *parens patriae*. However, defendant does not get to redraft a complaint to fit its Rule 12(b)(6) motion. Notwithstanding any confusion caused by the class action label, which Plaintiff agrees should be changed, the complaint states clear individual causes of action brought by the city in its official and individual capacity.

### **CONCLUSION**

In conclusion, Defendant's Motion is defective in that it ignores the actual pleading at issue, the City of River's Complaint. A Federal Rule of Civil Procedure motion under 12(b)(6) must accept the allegations well pled. There exists no basis to dismiss Plaintiff City of River Rouge's Complaint.

          Respectfully submitted,

          CHARFOOS & CHRISTENSEN, P.C.

          s/ Jason J. Thompson
          JASON J. THOMPSON (P47184)
          L. S. CHARFOOS (P11799)
          IAN B. BOURGOINE (P63160)
          Attorneys for Plaintiffs
          5510 Woodward Avenue
          Detroit, MI 48202
          (313) 875-8080

November 3, 2005

## **CERTIFICATE OF SERVICE**

I, hereby, certify that on November 3, 2005, I electronically filed the foregoing document with the U.S. District Clerk of the Court using the ECF system, which will send notification of such filing to the following:

CLARK HILL PLC
Jack O. Kalmink
Mary A. Kalmink
500 Woodward Avenue, Suite 3500
Detroit, MI 48226

BERRY MOORMAN P.C.
Hugh B. Thomas
James P. Murphy
535 Griswold, Suite 1900
Detroit, MI 48226

David A. Bower
10600 West Jefferson, Suite 204
P.O. Box 18190
River Rouge, MI 48218

SQUIRE SANDERS & DEMPSEY, LLP
Van Carson
4900 Key Tower, 127 Public Square
Cleveland, OH 44114-1304

U.S. STEEL CORPORATION
LAW DEPARTMENT
William J. McKim
David L. Smiga
600 Grant Street, Room 1500
Pittsburgh, PA 15219-2800

        s/ Jason J. Thompson
        JASON J. THOMPSON (P47184)
        L. S. CHARFOOS (P11799)
        IAN B. BOURGOINE (P63160)
        Attorneys for Plaintiffs
        5510 Woodward Avenue
        Detroit, MI 48202
        (313) 875-8080