UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUNDRA STANLEY, MALCOLM MOULTON,
KAREN WARD, CHARLES HUNTER,
BETTY COMPTON, MARCIA BROWN, AND
TANSLEY ANN CLARKSTON, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.                                                                                       Case No. 04-74654
                                                                                         Honorable Avern Cohn

UNITED STATES STEEL CORPORATION,                     **PLAINTIFFS' REPLY**
    a Delaware corporation,                                  **BRIEF RE: MOTION FOR**
                                                                                         **ENTRY OF   OPINION AND**
    Defendant.                                                       **CLASS CERTIFICATION**
                                                                                         **ORDER**

and

CITY OF RIVER ROUGE,
a Municipal Corporation,

    Plaintiff,

v.                                                                                       Case No. 04-74653
                                                                                         Honorable Avern Cohn

UNITED STATES STEEL CORPORATION,
a Delaware corporation,

    Defendant.

and

CITY OF ECORSE,

    Plaintiff,
                                                                                         Case No. 05-71074
v.                                                                                       Honorable Avern Cohn

UNITED STATES STEEL CORPORATION,
a Delaware corporation,

    Defendant.
_____

1

**PLAINTIFFS' REPLY BRIEF RE: MOTION FOR
ENTRY OF OPINION AND CLASS CERTIFICATION ORDER**

Defendant's first argument against entering a class certification order is to re-argue the issue of class certification. In fact, at page 3 of its brief, Defendant boldly demands "…that there be additional briefing and a second hearing on the issue of class certification." This is not a proper response to the motion before the court.

The parties filed extensive briefs on class certification and the Court conducted a detailed Rule 23 hearing. The "rigorous analysis" of Rule 23 requirements was completely met. *General Tel. Co. of the Southwest* v. *Falcon*, 457 U.S. 161 (1982); *Stout v J.D. Byrider*, 228 F.3d 709, 716 (6th Cir. 2000).

> Because "the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action," ' such analysis may, and often does, require that the court "probe behind the pleadings" and analyze the claims, defenses, relevant facts, and applicable substantive law "before coming to rest on the certification question." *Id.* at 155, 160 (citation and internal quotation marks omitted).

At the Rule 23 hearing, the court "probed behind the pleadings" and demonstrated a keen awareness of the claims, even using a chalk board to diagram the case and relevant issues. Defendant was given a full opportunity to present oral argument. (Exhibit A, Transcript of Motion for Class Certification) If Defendant believes this court has committed reversible error, then it can exercise the appropriate appellate options. But Plaintiffs cannot attempt to respond to all of Defendant's criticisms and demands in a 5 page reply brief.

Defendant next launches into a barrage of complaints about the proposed opinion and order and class notice. Defendant even criticizes the form of Plaintiffs' proposed opinion and order.[1] However, this is the first time Plaintiffs have been made aware of Defendant's complaints. This is because Defendant chose to ignore this courts instruction that counsel for both sides meet and try to draft a joint class certification order. In fact, Defendant refused in writing to participate in the exercise. (Exhibit B, Defense Counsel's letter refusing to discuss a class certification order)

District courts have broad discretion in certifying and managing class actions. *See Califano v. Yamasaki,* 442 U.S. 682, 703, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979); *Stout v. J.D. Byrider,* 228 F.3d 709, 716 (6th Cir.2000); *Weaver v. University of Cincinnati,* 970 F.2d 1523, 1531 (6th Cir.1992); *Watkins v. Simmons & Clark, Inc.,* 618 F.2d 398, 402 (6th Cir.1980). This Court's instruction to meet and confer was an attempt to exercise more management over this case, streamline the process and promote efficiency. (See Court's comments in Exhibit A, pp 11-12). As a result of Defendant's refusal to meet and confer about the class certification order, there was no dialogue, sharing of ideas, or collaboration by the attorneys in drafting a proposed class certification order. The parties could not even identify the items upon which they agree, and reserve this court's time to the resolution of genuine points of contention. Defendant has completely frustrated the goals of efficient case management set by the Court.

---

[1] Plaintiffs modeled the opinion and order after this Court's opinion and order in *Rankin v Rots*, 02-CV-71045. The Rankin opinion and order are posted on the Eastern District web site, (See http://www.mied.uscourts.gov/_opinions/opinion.cfm)

3

Finally, Defendant has outlined several criticisms with the proposed class certification order and proposed notice.[2] Plaintiffs cannot possibly respond to all the criticisms in a 5 page reply brief, probably just the result Defendant intended. As explained above, under the circumstances, Plaintiffs did their best to submit a fair and accurate proposed opinion and order and class notice.

## **CONCLUSION**

Plaintiffs' believe that their proposed opinion and order is appropriate and should be entered. It is consistent with the court's analysis and comments made at the class certification hearing, and confirms the Court fulfilled the "rigorous analysis" requirement should Defendant chose to appeal the Court's decision. Furthermore, the proposed notice plan is modeled after the Federal Judicial Centers notice forms. Of course, the court can, and undoubtedly will, draft the final opinion and order in this case and make changes to the class notice.

The upshot of Defendants decision to wait until now to file a 20 page objection to the proposed opinion and order is inefficiency, ineffectiveness, and delay. To no surprise, Defendant now demands further briefing and hearings. Their goal: more delay.

---

[2] Several of Defendant's criticisms are without merit, or in plain contravention of established practice and procedure set forth in the *Manual for Complex Litigation, 4th*.

4

Plaintiffs stand ready, willing and able to assist the Court in preparing a final class certification order and notice and to otherwise get this case moving forward.


/s/Jason J. Thompson  
CHARFOOS & CHRISTENSEN  
Jason J. Thompson  (P47184)  
L. S. Charfoos (P11799)  
5510 Woodward Avenue  
Detroit, MI 48202  
(313) 875-8080  
JTHOMPSON@C2LAW.COM  
*Plaintiffs Lead Class Counsel*

/s/Peter W. Macuga  
MACUGA & LIDDLE, P.C.  
Peter W. Macuga, II (P28114)  
Steven D. Liddle (P45110)  
975 East Jefferson Avenue  
Detroit, Michigan 48207-3101  
(313) 392-0015  
PMACUGA@MLCLASSACTION.COM  
*Plaintiffs Co-Class Counsel*

February 14, 2006

**CERTIFICATE OF SERVICE**

      I, hereby, certify that on February 14, 2006, I served the foregoing document to the following via U.S. Mail:

Jack O. Kalmink
CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226

Van Carson
SQUIRE SANDERS & DEMPSEY, LLP
4900 Key Tower, 127 Public Square
Cleveland, OH 44114-1304

Hugh B. Thomas
J.P. Murphy
BERRY MOORMAN P.C.
535 Griswold, Suite 1900
Detroit, MI 48226

David A. Bower
10600 West Jefferson, Suite 204
P.O. Box 18190
River Rouge, MI 48218

Donnelly Hadden
2395 S. Huron Parkway, Suite 200
Ann Arbor, MI 48104

                s/Jason J. Thompson
                JASON J. THOMPSON (P47184)
                L. S. CHARFOOS (P11799)
                CHARFOOS & CHRISTENSEN, P.C.
                Attorneys for Plaintiffs
                5510 Woodward Avenue
                Detroit, MI 48202
                (313) 875-8080
                JTHOMPSON@C2LAW.COM