UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUNDRA STANLEY, *et al.*

        Plaintiffs

                      Consolidated Case No. 04-74654
                      Hon. Avern Cohn

vs.

UNITED STATES STEEL CORPORATION,
a Delaware Corporation,

        Defendant.
_____/

ANSWER TO MOTION REQUESTING RELIEF
PERTAINING TO DONNELLY HADDEN'S COMMUNICATIONS
WITH HIS CLIENTS

    Respondent Donnelly W. Hadden, P.C., by Donnelly W. Hadden in answer to the motion by class counsel to quash its appearance in this cause and to interfere with his communications with its clients, says;

**1. Respondent has never claimed to be "class counsel"in this case.**

    Respondent has filed appearances in this case for a number of individual plaintiffs who are members of the class. They are entitled under FRCP 23(c)(3)[C] to be represented by an attorney of their own choice if they do not want to be represented by the appointed class counsel. These plaintiffs have signed retainer agreements with respondent and respondent represents them only.

1

It does not claim to represent the class as a class.

2. **Respondent has undertaken no communication with the class as a class.**

No "class notice" has been sent by the respondent to the class. No notice or communication of any kind has been has been sent by respondent to the class. The only communications respondent has had with class members are those with its own clients who are members of the class. These communications have been in person, telephonic and by mail. Communications between an attorney and client are permitted, encouraged, and indeed, lack of communication could be an ethical problem.

Respondent has a duty to explain to its clients what a class action is and what their options are, in words that they will understand. Respondent may recommend that its clients "opt out" of the class. Especially as to those who believe they have impairment of health due to defendant's activities, it is important for them to consider "opting out" because the class as now defined does not include personal injury claims. Any class member with a personal injury claim will waive that claim if/he she remains in the class. Nonetheless, some of respondent's clients do not want to follow respondent's recommendation, and expressed a desire to remain in the class, so it became important to determine which ones. This was determined by an internal, confidential attorney-client communication directed only at clients and not to the class in general. There is nothing

improper about doing that.

**3.   No promises as to amounts of compensation have been made to either the class or respondent's clients.**

Respondent emphatically denies making any promises as to amounts of compensation, or any promises that its clients would receive more compensation if they opted out of the class than if they remain in it. No such promises have ever been made. Witnesses can support this denial. Respondent has stated, solely to its clients, that it has been its experience in most prior cases of this kind that it has handled that those who opt out and are willing to work up their cases, put up with delays, answer interrogatories, appear for depositions, etc. usually receive more compensation than those who merely "ride along" in the class. It depends on the nature of each individual's case. These are factors each must weigh in deciding whether to opt out. It is meet for counsel to communicate all these factors to its clients.

**4.   Multiple representation**

Respondent has no knowledge as to whether some if its clients also signed retainer agreements with other counsel. An individual should not have two attorneys representing him/her in this case. It is possible that some people did not understand that they cannot have two different law firms representing them (without the knowledge of each other), or, they did not remember signing with a different attorney, or, that they did not understand that a paper they signed was a retainer agreement

rather than an environmental survey, or, perhaps they want to change lawyers. It is incumbent upon class counsel to disclose the identities of those 21 people so this conflict can be resolved.

## BRIEF

FRCP 23 (c)(1) allows class members to retain counsel of their own choice. It is axiomatic that when that is done their attorney has a right to communicate with them. If there is a problem with the content of those communications that is a matter between attorney and client. Class counsel lacks standing to raise any objections to the manner or content of such communications.

Class counsel sent a letter to respondent on these topics and attached a copy to their motion. Respondent answered in a letter dated May 24th, 2006 which class counsel did not attach to their motion. Respondent's letter was, however, sent to The Hon Avern Cohn and presumably is in the court file now.

The entire class is purported to consist of over 21,000 individuals. Respondent's clients are only about 3% of the class.

Respondent has no desire to communicate with the class as a class, requesting only the untrammeled right to communicate with its own clients.

WHEREFORE respondent requests that;

1. This motion be denied.

2. No restraint be placed upon respondent's right to communicate with its retained clients.

3. Class counsel be compelled to identify the 21 class members who they claim to have signed multiple retainer agreements.

4. Order that communications by class counsel to the class may be sent to respondent as respect to the 171 class members for whom respondent recently filed a motion to appear.

    Respectfully submitted;

    Donnelly W. Hadden, P. C.

    By: <u>Donnelly W. Hadden</u>
    Respondent
    2395 S. Huron Parkway
    Ann Arbor, MI 48104
    (734) 477-7744

June 26, 2006

## CERTIFICATE OF SERVICE

I certify that on June 26, 2006 a copy of this Answer will be transmitted to counsel of record by the electronic filing via the ECF system. A copy is being provided by other electronic means to Messrs. David Bowers and H. Thomas, Esq.

    <u>Donnelly W. Hadden</u>