UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUNDRA STANLEY, MALCOM
MOULTON, CHARLES HUNTER,
BETTY COMPTON, MARCIA BROWN,
TANSLEY ANN CLARKSTON, individually
and on behalf of all others similarly situated,

    Plaintiffs,

v.                                                                           Case No. 04-74654

UNITED STATES STEEL COMPANY,                     HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER

I.

This is an environmental class action involving claims of pollution. Before the Court are motions styled:

    Plaintiffs' Motion Requesting Relief Pertaining to Donnelly Hadden's Improper Conduct

    Motion by Donnelly Hadden to Appear as Attorney for 171 Class Members

    Motion by Donnelly Hadden, counsel for Marietta Randall, to File Notice of Exclusion on Behalf of Retained Clients

The background of the motions is as follows.

On March 17, 2006, the Court entered an order styled Order Certifying Class Action. The order appointed Jason Thompson and Peter Macuga as class counsel for

plaintiffs (Class Counsel).

On May 24, 2005, the Court entered an order styled Order for Entry of Class Notice Order. This order provided for notice to the class and included a provision relating to the right of a class member to the excluded from the class.

At some point prior to class certification, attorney Donnelly Hadden (Hadden) attempted to enter an appearance in one of the three cases[1] purportedly representing thirteen (13) persons. He sent a copy of the appearance to Class Counsel. Due to e-filing procedures, however, the appearance was not accepted since Hadden sought to appear on behalf of individuals who were not named plaintiffs.

On or about March 31, 2006, Hadden mailed a one page letter on his law firm letterhead to "All River Rouge & Ecorse Clients" regarding "Suit Against US Steel formerly known as Great Lakes Steel. From the letter, it appeared that Hadden had met with putative class members regarding the case and advised them that "people who 'opt out' of the class always get a much higher settlement than is paid to the general population..." The letter also recommended opting out and created an opt out procedure. The letter reads:

> If, however, you would like to stay in the class, please sign the bottom of this letter and return to us within 10 days. If we do not receive this signed letter by April 10, 2006, we will opt you out of the class action and continue working up your claims and damages against US Steel...Keep in mind, we will continue to be your lawyers whether you choose to stay in the class or opt out.

---

[1] There are three cases pending relating to the subject matter of the claimed pollution.

On April 14, 2006, Hadden mailed to counsel for defendant a twenty one page document which contained a list of persons he said he represented "with respect to property damages, loss of normal use and enjoyment of residences and in some cases personal injuries sustained due to air pollutants emitted from the United States Steel facilities located in Ecorse and River Rouge..." He also asserted an attorney's lien upon any proceeds of settlement. According to Class Counsel, among the persons listed as Hadden's clients were twenty-one persons who had signed a retainer agreements with Class Counsel and all of the persons listed as Hadden's clients were class members.

Defense counsel forwarded a copy of the April 14, 2006 to Class Counsel. On On April 20, 2006, Class Counsel sent a letter to Hadden outlining their concerns with his actions.

On July 25, 2006, the Court entered an order styled Stipulated 1st Revised Case Management Order. The order provided for a Final Opt Out Report.

On August 25, 2006, a Final Opt Out Report was filed. It states in part that:

> ...plaintiffs' class counsel has prepared a Final Opt Report that identified the names and addresses of all persons who have requested exclusion from the class. While most [of] the forms are free error of irregularity, a small number of the opt out forms themselves contain an irregularity of one form or another which calls into question their legitimacy. But more troubling irregularities precluding a precise head-count are found in documents prepared by Donnelly Hadden. Attorney Donnelly Hadden has sought to claim representation of a number of class members. He has sought the right to sign opt out forms on behalf of those he purports to represent, and such forms have been submitted to Class Counsel. He has also submitted a list of people who would like to opt out, some of whom did not submit opt out forms by the deadline date.
>     ...While a general head-count of opt outs is available, the precise number of opt outs is unavailable at this time.

On August 31, 2006, the Court held a hearing on the pending motions. Reflecting on what the Court stated at the hearing suggests that the Court's comments

may been done more to confuse the record than enlighten it. Accordingly, the Court has further considered the pending motions.

II.

A.

Hadden's actions have may have impeded the progress of the case because of the confusion it has created in who are the members of the class. The Court is obligated to clear any confusion with may exist as to who are the class members. To the extent that Class Counsel seek clarification as to who are the members of the class, their motion is GRANTED. The question then becomes what is the best form of relief. Class Counsel suggests a reasonable approach:

1. only those class members who are represented by Hadden and who have not executed a valid agreement with Class Counsel be permitted a brief extension in which to opt out of the class

2. these class members be required to opt out by making an affirmative statement of their desire to do so by signing an appropriate form

B.

The Court will hold a status conference on **Friday, September 22, 2006 at 11:00 a.m.** to accomplish this.

Hadden's motions are DENIED. To the extent that Hadden seeks relief on behalf of class members who desire to opt out and be represented by him, this will be taken care of by the action described above. Hadden is not counsel of record in this case. As such, the motions are procedurally improper. Once the composition of the class is established, including persons who have opted out, Hadden may take appropriate

4

action with respect to those persons who have opted out and who he represents.

    SO ORDERED.

                                s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

Dated: August 31, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date and Donnelly Hadden, 2395 S. Huron Parkway, Ann Arbor, MI 48104, August 31, 2006, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5160