UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| OUNDRA STANLEY, et al., | : | Consolidated Case No. 04-74654 |
| | : | |
| Plaintiffs, | : | Honorable Avern Cohn |
| | : | |
| -vs- | : | **FINAL ORDER AND JUDGMENT** |
| | : | **APPROVING AMENDED REVISED** |
| UNITED STATES STEEL CORPORATION, | : | **CLASS ACTION SETTLEMENT,** |
| | : | **NOTICE OF CLASS ACTION** |
| Defendant. | : | **SETTLEMENT, AND ATTORNEY** |
| | : | **FEE AND EXPENSE AWARD, AND** |
| | : | **DISMISSING ACTION WITH** |
| | : | **PREJUDICE** |

---

J. THOMPSON & ASSOCIATES PLC
Jason J. Thompson (P47184)
2000 Town Center, Suite 1000
Southfield, MI 48075
(248) 436-8448

*Lead Class Counsel*

MACUGA & LIDDLE, P.C.
Peter W. Macuga, II (P28114)
Steven D. Liddle (P45110)
975 E. Jefferson Avenue
Detroit, MI 48207
(313) 392-0015

*Co-Class Counsel*

CHARFOOS & CHRISTENSEN, P.C.
Lawrence S. Charfoos (P11799)
5510 Woodward Avenue
Detroit, MI 48202
(313) 875-8080

*Liaison Counsel for the Class*

SQUIRE, SANDERS & DEMPSEY L.L.P.
Van Carson
Lianne Mantione
4900 Key Tower, 127 Public Square
Cleveland, OH 44114
(216) 479-8500

*Lead Counsel for Defendant*
*United States Steel Corporation*

CLARK HILL PLC
Jack O. Kalmink (P24087)
Mary A. Kalmink (P42954)
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8300

*Liaison Counsel for Defendant*
*United States Steel Corporation*

UNITED STATES STEEL CORPORATION
LAW DEPARTMENT
William J. McKim
David L. Smiga
600 Grant Street, Room 1500
Pittsburgh, PA 15219

*Counsel for Defendant*
*United States Steel Corporation*

SQUIRE, SANDERS & DEMPSEY L.L.P.
Mitchel B. Axler
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, AZ 85004-4498
(602) 528-4000

*Counsel for Defendant*
*United States Steel Corporation*

---

**FINAL ORDER AND JUDGMENT**
**APPROVING AMENDED REVISED CLASS ACTION SETTLEMENT, NOTICE OF**
**CLASS ACTION SETTLEMENT, AND ATTORNEY FEE AND EXPENSE AWARD,**
**AND DISMISSING ACTION WITH PREJUDICE**

---

Before the Court is the Joint Motion for Final Approval of the Class Action Settlement Agreement ("Final Approval Motion") of the Plaintiffs, individually and as Class Representatives on behalf of Class Members, and Defendant United States Steel Corporation ("U. S. Steel" or "Defendant"), (collectively, the "Parties"), for final approval of the settlement of this certified class action.

The Court, having reviewed the submission of the parties, including their oral presentations at the Final Fairness Hearing held on September 4, 2008 at 10:00 a.m., the submissions of any such other persons that chose to appear at the Final Fairness Hearing, and all other files, records, and proceedings herein, and being fully advised on the premises, makes the following Order pursuant to Rule 23 of the Federal Rules of Civil Procedure.

THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

A.  In accordance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, the Class Members have been given proper and adequate notice of the terms of Amended Revised Settlement Agreement and of the Final Fairness Hearing, such notice having been carried out in accordance with this Court's Order of Preliminary Approval of

Proposed Class Action Settlement, Notice of Proposed Class Action Settlement, Form of Final Order and Judgment, and Attorney Fee and Expense Award ("Order of Preliminary Approval"). The notice and notice methodology implemented pursuant to the Amended Revised Settlement Agreement and Order of Preliminary Approval (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the litigation, their right to object to the terms of the Amended Revised Settlement Agreement, and their right to appear at the Final Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

      B.    The Amended Revised Settlement Agreement in this Action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects based upon (a) the likelihood of success on the merits weighed against the amount and form of relief offered in the settlement; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel for both Parties who have competently evaluated the strength of their proofs; (d) the amount of discovery completed – including, but not limited to, full expert disclosures by seven expert witnesses; the taking of depositions of Class Representatives, numerous Class Members, and numerous U. S. Steel personnel; the exchange and analysis of several hundred thousand pages of documents; and the conducting of a site inspection of Defendant's Facility – and the character of the evidence uncovered, not only by the Parties, but also by the Court;[1] (e) the fairness of the settlement, as set forth in the Amended Revised Settlement Agreement, to the Class Members; (f) the fact that the

---

[1] For example, this Court has had the opportunity to review the opinions of the expert witnesses in this case both at the class certification stage and in later-filed motions to limit or exclude the testimony of virtually every named expert in this case.

settlement is the product of extensive arms-length negotiations between the Parties; and (g) the fact that this settlement is consistent with the public interest.

  C. The Class Representatives – Oundra Stanley, Malcolm Moulton, Karen Ward, Charles Hunter, Betty Compton, Marcia Brown, and Tansley Ann Clarkston – fairly and adequately represented and continue to fairly and adequately represent the interests of the Class Members.  The Class Representatives were deposed and responded to discovery requests for the benefit of the Class Members, assisted Class Counsel in preparing the case, and participated in settlement discussions.

  D. Class Counsel – Jason J. Thompson and Peter W. Macuga, II – fairly and adequately represented and continue to fairly and adequately represent the interests of the Class Members.  Class Counsel are appropriately qualified and suitable to represent the Class.  They have substantial class action litigation experience, including toxic tort litigation of the type asserted in the Action.  Class Counsel performed extensive work identifying and investigating potential claims in the Action, vigorously and ably represented the interests of the Class throughout the litigation, and committed the necessary resources to represent the Class.  Among their numerous undertakings in representing the interests of the Class, Class Counsel conducted initial research of Michigan Department of Environmental Quality ("MDEQ") and citizen complaints; reviewed over one hundred thousand pages of documents produced by Defendant from the environmental, engineering, maintenance, and operation departments at its Facility; conducted site visits to both Class Representatives' residences and Defendant's Facility; obtained class certification and provided notice to twenty thousand residents in the Cities of Ecorse and River Rouge; worked with Plaintiffs' expert to implement appropriate air testing throughout the class area to support Plaintiffs' case; developed Plaintiffs' expert witness's

reports and testimony on general liability and injury-to-class issues; reviewed expert reports of Defendant's six expert witnesses and deposed two of those experts; filed and/or responded to thirteen *Daubert* and dispositive motions; and prepared pretrial documents.  Moreover, Plaintiffs faced vigorous opposition from Defendant's counsel – Squire, Sanders, & Dempsey L.L.P., experienced litigation, class action, and environmental counsel from a major international law firm with nationwide offices specializing in all areas of litigation, with experienced local counsel support from Clark Hill PLC, a multi-practice, Midwestern law firm – both at the class certification stage and throughout discovery.  Counsel for the Parties challenged each other over multiple issues throughout the litigation, including, but not limited to, liability, general causation and specific causation, issues to be tried to the jury, and admission of expert testimony.

      E.      The Amended Revised Settlement Agreement was negotiated vigorously, in good faith, and at arms-length by the Parties.  The Court is aware that the settlement was reached after a series of negotiations over a period of approximately nine months, including facilitations held with the Honorable Bernard Friedman and retired Wayne County Chief Judge Richard Kaufman.  The Court itself participated in a settlement conference with the Parties.  Class Counsel and counsel for Defendant were, therefore, well-positioned to evaluate the benefits of the settlement, taking into account the expense, risk, and uncertainty of protracted litigation in this Action.

      F.      The Class Representatives, Class Members, and Defendant are hereby bound by the terms of the Amended Revised Settlement Agreement.

      G.      The terms and conditions of the Amended Revised Settlement Agreement and the exhibits thereto, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth therein.

THE COURT FURTHER ORDERS AND DECREES AS FOLLOWS:

1. <u>The Settlement Is Fair and Reasonable</u>.  The Final Approval Motion is granted, and the settlement is hereby approved as fair, reasonable, adequate, and in the best interests of the Class Members and in the public interest.  The terms of the settlement are hereby determined to be fair, reasonable, and adequate.  The Parties are directed to consummate the settlement in accordance with the terms of the Amended Revised Settlement Agreement.

2. <u>Binding Effect of Final Settlement Approval</u>.  The settlement set forth in the Amended Revised Settlement Agreement is approved.  Therefore, under this Final Order and Judgment, the Class Representatives and all Class Members and their heirs and assigns who did not elect to be excluded from this Action are permanently barred and enjoined from the institution and prosecution, either directly or representatively, of any other action in any court or tribunal asserting any Settled Claims.

3. <u>Attorneys' Fees, Costs, and Expenses</u>.  In recognition of their efforts in the protection and advancement of the interests of the Class Members in this Action, Class Counsel are hereby awarded attorneys' fees in the amount of one million, three hundred thirty-five thousand dollars ($1,335,000.00), an amount which the Court deems just and equitable under the circumstances of this case.  Class Counsel are hereby also awarded reimbursement of their costs and expenses in the amount of $622,279.86 ($25,000 of which was already advanced by Defendant pursuant to the Order of Preliminary Approval to pay claims administrative-related costs), an amount which the Court deems just and equitable under the circumstances of this case.  The attorneys' fees, costs, and expenses, as well as costs of the Notice of Settlement and administration of the Settlement Fund, are to be borne solely by the Class Members and shall be paid solely from the Settlement Fund.

4. <u>Award to Class Representatives</u>. The Class Representatives – Oundra Stanley, Malcolm Moulton, Karen Ward, Charles Hunter, Betty Compton, Marcia Brown, and Tansley Ann Clarkston – are hereby awarded ten thousand dollars ($10,000.00) each, an amount which the Court deems just and equitable, for their diligence and participation in the advancement of the interests of the Class Members in this Action. This payment shall be in addition to any sum paid to the Class Representatives as Class Members. Class Representative Awards are to be borne solely by the Class Members and shall be paid solely from the Settlement Fund.

5. <u>Class Member Payments</u>. The remaining balance of the Settlement Fund shall be available to satisfy verified claims by the Class Members ("Balance of the Fund"). The amount to be distributed, on an equal basis, to each verified Claimant shall not exceed three hundred dollars ($300.00), as reasonable compensation for the Settled Claims in this Action.

    a. Each address may only receive one (1) payment pursuant to the Action whether or not the single payment is required to be divided between or among multiple residents or multiple owners during the entire claimant period.

    b. Where two (2) or more people or households are claiming to reside at the same property, it will be necessary for those Claimants to establish residency with utility bills or other bills or records. Where two (2) or more claims are made for the same property for different residency periods, the claims will be divided pursuant to the amount of time of residency at that property.

6. <u>Payment of Fund Remainder to River Rouge and Ecorse Public Schools</u>. If, after all payments have been distributed to valid Claimants pursuant to the procedures, terms, and conditions of the Amended Revised Settlement Agreement, the Settlement Fund has not been exhausted, then all such remaining funds shall be allocated and distributed by Order of the Court,

7

after consultation with Class Counsel and Counsel for Defendant, as well as a reasonably-priced consultant of the Court's choosing, to the River Rouge and Ecorse Public Schools. Class Counsel shall notify the Court and Defendant of the actual amount of funds remaining for such allocation within thirty (30) days after the final distribution to all valid Claimants.

7. <u>Release</u>. Upon entry of this Final Order and Judgment, Class Representatives and Class Members shall release and forever discharge Defendant and its present, former, and future parents, partners, subsidiaries, divisions, affiliates, stockholders, officers, directors, employees, agents, insurers, and any of their legal representatives, and the predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing, collectively or individually (the "Released Parties") from all Settled Claims, whether or not Class Members object to the settlement and whether or not Class Members make a claim upon or participate in the distribution of the Settlement Fund.

    a. "Settled Claims" shall mean any and all claims and causes of action which were pleaded, or which could have been pleaded, by Plaintiffs in the Complaint or any Amended Complaint in this Action, including all theories of recovery, whether legal or equitable in nature, and types of damages based on those claims. "Settled Claims" includes, but is not limited to, the claims stated by Plaintiffs under theories of nuisance, continuing nuisance, negligence, gross negligence, and violations of the Michigan Natural Resources and Environmental Protection Act ("NREPA") and the Michigan Environmental Protection Act ("MEPA"), or claims that could have been asserted by Class Representatives or Class Members, including, trespass, ultrahazardous activity, strict liability, and vicarious liability. "Settled Claims" includes all types of damages to

real or personal property that could be recovered under any theories that have been or could have been asserted, including, but not limited to:

    i.    All alleged damages, past, present or future, known or unknown, for loss of use and enjoyment of property, annoyance, irritation, discomfort, diminution in property value, loss of use value or loss of rental value of property, and damage to real or personal property arising out of or relating to the operation of Defendant's Facility, including, but not limited to, airborne pollution, emissions, releases, spills and discharges to the atmosphere, to the soil, or to water, exposure to hazardous substances, air contaminants, toxic pollutants, particulates, or odors emanating from Defendant's Facility at any time up to and including the Settlement Effective Date;

    ii.    All clean-up damages, response costs, remediation costs, equitable reimbursements or other types of recovery, past, present or future, known or unknown, under any equitable or statutory theory, arising out of or relating to the operation of Defendant's Facility, including, but not limited to, airborne pollution, emissions, releases, spills, exposure to hazardous substances or odors emanating from Defendant's Facility at any time up to and including the Settlement Effective Date;

    iii.    All alleged damages, past, present or future, known or unknown, for any and all potentially compensable losses, under any theory of continuing nuisance, arising out of or relating to the maintenance of any structures, any acts, any operations, or any conditions that existed, began, or were initiated at Defendant's Facility prior to the Settlement Effective Date and that continue for

an indefinite period of time, which includes, but is not limited to, airborne pollution, emissions, releases, spills and discharges to the atmosphere, to the soil, or to water, exposure to hazardous substances, air contaminants, toxic pollutants, particulates, or odors emanating from Defendant's Facility prior to the Settlement Effective Date or during all periods of time that any such structures, any such acts, any such operations, or any such conditions continue; and

    iv.    All related claims for the recovery of attorneys' fees, costs or disbursements in connection with claims or theories of recovery listed in the definition of Settled Claims.

    b.    Class Representatives and Class Members are barred from subsequently asserting claims relying upon a legal theory that first became known or available to Class Representatives and/or Class Members after the Effective Date of the Amended Revised Settlement Agreement, but that rely upon the facts set forth in the Complaint or any Amended Complaint filed in this Action.

    c.    The Release shall not be applicable to claims based solely on a future catastrophic release or emission from the Defendant's Facility (i.e., an unexpected, accidental incident resulting in releases grossly atypical in nature and dramatically greater in amount than those historically associated with regular plant operations). The Release also shall not be applicable to claims based solely on future operations by Defendant that both (i) involve substantially different manufacturing processes and (ii) result in substantially different or greater air emissions, releases, or odors than current or historical operations.

   d. Class Representatives and Class Members release the Released Parties not only from the Settled Claims, but also from any liability to make contribution to any other persons on account of the conduct alleged in this matter or any pending or future litigation between Class Representatives and Class Members as plaintiffs and any other persons or entities that are or may be responsible for Class Representatives' and/or Class Members' alleged injuries.

   e. In consideration of all the terms of the Amended Revised Settlement Agreement, as a condition to receipt of any distribution from the Settlement Fund, and prior to receipt of such funds, all Claimants will execute a written general release in the form set forth in the Affidavit Claim Form and Release agreeing that he or she shall hereafter not assert or seek to establish liability against any Released Party based, in whole or in part, upon any of the Settled Claims.

   f. Any Class Member who has failed to become a Claimant or who failed effectively to opt out of the Class shall be bound by the Release.

  8. <u>Retention of Jurisdiction</u>.  The Court retains jurisdiction over the settled Action solely for purposes of (i) enforcing this Amended Revised Settlement Agreement, (ii) addressing settlement administration matters, and (iii) addressing Settlement Fund and such post-Final Judgment matters as may be appropriate under court rules or other applicable law.

  9. <u>Objections Overruled</u>.  The Court finds that the terms of the settlement set forth in the Amended Revised Settlement Agreement are fair, reasonable, adequate, and in the best interest of the Class Members; therefore, any objections, to the extent they exist, are found to be without basis and are overruled in their entirety.  **AS NOTED AT THE FAIRNESS HEARING ON SEPTEMBER 4, 2008, THE COURT WILL ISSUE A SEPARATE**

**ORDER REGARDING THE OBJECTIONS**.  If a Class Representative has not signed the Amended Revised Settlement Agreement within ten (10) days of entry of this Final Order and Judgment, Class Counsel is authorized and instructed to sign the Amended Revised Settlement Agreement in their stead, and that signature will be deemed to have the full force and effect relative to any requirement of a Class Representative signature with respect to this Action, settlement, or settlement documents.

10.Dismissal of Action.  Judgment shall be, and hereby is, entered dismissing all of the causes of action in this lawsuit against the Defendant, without costs (except as provided herein) and upon the merits and with prejudice and in full and final discharge of any and all claims asserted or which could have been asserted by the Class Representatives and Class Members.  This judgment shall be final and immediately appealable.

11.There being no just reason to delay, the Clerk is directed to enter this Final Order and Judgment in *Stanley, et al. v. United States Steel Corporation* forthwith.

IT IS SO ORDERED,

Dated: September 08, 2008BY THE COURT:

s/Avern Cohn
Honorable Avern Cohn
United States District Court Judge