UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUNDRA STANLEY, MALCOM
MOULTON, CHARLES HUNTER,
BETTY COMPTON, MARCIA BROWN,
TANSLEY ANN CLARKSTON, individually
and on behalf of all others similarly situated,

    Plaintiffs,

v.         Case No. 04-74654

UNITED STATES STEEL COMPANY,         HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER REGARDING OBJECTIONS TO SETTLEMENT

I. Introduction

This is an environmental air pollution case brought by residents of the cities of Ecorse and River Rouge.[1] Plaintiffs claim that emissions from Defendant U.S. Steel Company's mill contain particulate matter from the steel-making process that settles on their property creating a nuisance and causing property damage. The claims are set forth in the Second Amended Master Class Action Complaint. The case has settled. The terms of the settlement are set forth in the Amended Revised Settlement

---

[1] Residents of Ecorse and River Rouge initially filed separate lawsuits. The City of River Rouge filed a separate law suit, and the City of Ecorse was a plaintiff in the law suit filed by its residents. The Court consolidated the cases in an Order of Consolidation and Pretrial Order on April 21, 2005. The Second Amended Order of Consolidation, entered on January 18, 2006, required the cities' cases to separate from the individuals' claims.

Agreement (Settlement Agreement).

On September 4, 2008, the Court held a hearing on the parties' Joint Motion for Final Approval of the Class Action Settlement and to consider any objections to the settlement.  On September 8, 2008, the Court entered a final order approving the settlement (Final Order), finding, <u>inter alia</u>, the settlement fair and reasonable.  As stated at the hearing and in the Final Order, the Court reserved the right to enter a separate order regarding the objections.  This order disposes of the objections received in writing and at the hearing.

## II.  Legal Principles

The Court must evaluate the proposed settlement in light of the general federal policy favoring the settlement of class actions to determine whether the settlement is fair and reasonable and not the product of fraud or overreaching.  <u>Clark Equip. Co. v. Int'l Union, Allied Indus. Workers</u>, 803 F.2d 878, 880 (6th Cir.1986) (per curiam).  Rule 23(e)(2) requires the Court to determine whether the settlement is a "fair, reasonable, and adequate" resolution of class members' claims.  "In a fairness hearing, the judge does not resolve the parties' factual disputes, but merely ensures that the disputes are real and that the settlement fairly and reasonably resolves the parties' differences." <u>UAW v. General Motors Corp.</u>, 497 F.3d 615, 636-37 (6th Cir. 2007).  The Court is entitled to consider briefs, declarations, affidavits and the arguments of counsel.  <u>Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier</u>, 262 F.3d 559, 567 (6th Cir. 2001) (stating that "we reject intervenors' suggestion ... that the fairness hearing must entail the entire panoply of protections afforded by a full-blown trial on the merits"); <u>Depoister v. Mary M. Holloway Found.</u>, 36 F.3d 582, 586 (7th Cir. 1994)  "Even when the Court becomes

aware of one or more objecting parties, the Court is not required to open to question and debate every provision of the proposed compromise. The growing rule is that the trial courts may limit its proceeding to whatever is necessary to aid it in reaching an informed, just and reasoned decision." Ass'n for Disabled Americans, Inc. v. Amoco Oil Co., 211 F.R.D. 457, 467 (S.D. Fla. 2002) (internal quotation and citation omitted).

Importantly, "[a] court should not withhold approval of a settlement merely because some class members object." Mich. Hosp. Ass'n v. Babcock, No. 5:89-CV-00070, 1991 U.S. Dist. LEXIS 2058, at *10 (W.D. Mich. Feb. 11, 1991); accord Reed v. Rhodes, 869 F. Supp. 1274, 1281 (N.D. Ohio 1994); 7B Fed. Prac. & Proc. § 1797.1 (3d ed.2005) (stating that "the fact that there is opposition does not necessitate disapproval of the settlement").

Finally, under Rule 23, the role of the district court is "limited to a determination of whether the terms proposed are fair and reasonable to those affected," Steiner v. Fruehauf Corp., 121 F.R.D. 304, 305 (E.D. Mich. 1988), aff'd sub nom. Priddy v. Edelman, 993 F.2d 438 (6th Cir. 1989), and a district court has no power to alter the terms of a settlement agreement.

### III.  Objections

#### A.  Settlement Amount and Allocation

The following objections are in the form of letters from class members sent to Class Counsel.

-Class member Adrianne Gladden states that the $300 per member is not enough to cover to the damage to her property and her families' health.

-Class member Levon Eichelberger notes that after payment of a 30% attorney

fee, the amount is insufficient. He suggested each class member be paid at least $2,000.00.

-Class member Martin R. Price notes that the 30% proposed fee award and very small percentage of the amount to class representatives and class members. He also notes his vinyl siding has been permanently damages by the pollution which replacement costs far exceed the settlement amount per member.

An objection was also filed by attorney Donnelly Hadden on behalf of class member Marjorie Abrams. Abrams also objects to the amount, arguing that the equal distribution is unfair because some owners have suffered more than others. She requests that the distribution be modified so different amounts are paid to different claims. She also request that the Court conduct an evidentiary hearing on this point, contending she can present proof as to differing damages. Finally, she says that the settlement amount per class member is too small.

2.

No amount or method of allocation will satisfy every class member. The objections are inherent in a class action settlement. The overall settlement amount, allocation, and attorney fee percentage are fair and reasonable considering the several years of litigation. The settlement amount represents the very best possible outcome for all class members under the circumstances. The objections as to the amount of the settlement and allocation are overruled.

B. Opt Outs

Attorney Donnelly Hadden filed an objection on behalf of Clanton Allen, who says he and 34 others were not properly listed as "opt outs." The 34 opt out forms are

4

attached to the objection. At the hearing, Hadden renewed this objection and requested that those class members be permitted additional time to opt out. Hadden specifically pointed out that the class members did not know the results of the settlement, i.e. how much they would receive, before having to opt out.

In order to deal with Hadden's objections, a recitation of some case history is in order. The following is taken substantially from the Court's Order of August 31, 2006.

On March 17, 2006, the Court entered an order styled Order Certifying Class Action. The order appointed Jason Thompson and Peter Macuga as class counsel for plaintiffs (Class Counsel).

On May 24, 2005, the Court entered an order styled Order for Entry of Class Notice Order. This order provided for notice to the class and included a provision relating to the right of a class member to be excluded, i.e. opt out, from the class. The opt out period run until the end of July.

At some point prior to class certification, Hadden attempted to enter an appearance in the case purportedly representing thirteen (13) persons. He sent a copy of the appearance to Class Counsel. Due to e-filing procedures, however, the appearance was not accepted since Hadden sought to appear on behalf of individuals who were not named plaintiffs.

On or about March 31, 2006, Hadden mailed a one page letter on his law firm letterhead to "All River Rouge & Ecorse Clients" regarding "Suit Against US Steel formerly known as Great Lakes Steel. From the letter, it appeared that Hadden had met with putative class members regarding the case and advised them that "people who 'opt out' of the class always get a much higher settlement than is paid to the general

population..." The letter also recommended opting out and created what amounted to signing an "opt in" form. The letter read:

> If, however, you would like to stay in the class, please sign the bottom of this letter and return to us within 10 days. If we do not receive this signed letter by April 10, 2006, we will opt you out of the class action and continue working up your claims and damages against US Steel...Keep in mind, we will continue to be your lawyers whether you choose to stay in the class or opt out.

On April 14, 2006, Hadden mailed to counsel for defendant a twenty one page document which contained a list of persons he said he represented "with respect to property damages, loss of normal use and enjoyment of residences and in some cases personal injuries sustained due to air pollutants emitted from the United States Steel facilities located in Ecorse and River Rouge..." He also asserted an attorney's lien upon any proceeds of settlement. According to Class Counsel, among the persons listed as Hadden's clients were twenty-one persons who had signed a retainer agreements with Class Counsel and all of the persons listed as Hadden's clients were class members.

Defense counsel forwarded a copy of the April 14, 2006 to Class Counsel. On On April 20, 2006, Class Counsel sent a letter to Hadden outlining their concerns with his actions.

On July 25, 2006, the Court entered an order styled Stipulated 1st Revised Case Management Order. The order provided for, inter alia, a Final Opt Out Report.

On August 25, 2006, a Final Opt Out Report was filed. It states in part that:

> ...plaintiffs' class counsel has prepared a Final Opt Report that identified the names and addresses of all persons who have requested exclusion from the class. While most [of] the forms are free error of irregularity, a small number of the opt out forms themselves contain an irregularity of one form or another which calls into question their legitimacy. But more troubling irregularities precluding a precise head-count are found in documents prepared by Donnelly Hadden.

> Attorney Donnelly Hadden has sought to claim representation of a number of class members. He has sought the right to sign opt out forms on behalf of those he purports to represent, and such forms have been submitted to Class Counsel. He has also submitted a list of people who would like to opt out, some of whom did not submit opt out forms by the deadline date.
> ...While a general head-count of opt outs is available, the precise number of opt outs is unavailable at this time.

Thereafter, Class Counsel filed motions pertaining to Hadden's conduct. Hadden filed motions to appear on behalf of certain class members. On August 31, 2006, the Court held a hearing on the pending motions after which it entered an Order which provided the following:

1. only those class members who are represented by Hadden and who have not executed a valid agreement with Class Counsel be permitted a brief extension in which to opt out of the class

2. these class members be required to opt out by making an affirmative statement of their desire to do so by signing an appropriate form

The Court also directed Hadden and Class Counsel to devise a plan which would lead to a revised final opt out tally. They did. Essentially, Hadden's clients were given an extension of time to opt out until September 22, 2006. They could do this by submitting opt out forms signed by the class member, not Hadden. The process is described in the Revised Opt Out Report filed April 20, 2007. It involved Class Counsel and Hadden agreeing

> to send two specific letters to two groups of people identified as persons who needed to elect whether to opt out and retain their own attorney, such as Donnelly Hadden, or remain in the class.
> In essence, a sub-set of persons identified as having one or more confusing aspects to their status as a class member were given a second opportunity to opt out of the class is they signed an opt out form indicating such a preference. A dead line was established for those persons to respond in writing and make their election as to either remain in the class and be represented by class counsel or opt out of the class.
> . . .

> The final opt out report lists 520 persons that class counsel can certify have complied with the court's order and properly exercised their opt out rights in this class action.  Class counsel believes that they have complied with the court's order and direction as to completing the opt out process and that the requirements of F.R.C.P. 23 and applicable case law have all been met.

Revised Final Opt Out Report at p. 3-4.

It is clear from the above that Hadden's actions, putting it mildly, complicated matters.  Although Hadden is correct that class members did not know the amount they would be receiving from the settlement until publication, in July of 2008, this is neither unusual or unfair.  The initial notice to all class members after class certification explained that it was unknown whether the class members would obtain any recovery.  The notice stated that if there was any recovery or settlement and if the class member did not opt out, they would be bound by its terms.  In other words, class members were informed that they would have to indicate their right to opt out before knowing whether or not they would recovery any monies.  At the time of class certification, it was not clear whether their would be a settlement, much less any recovery for the class.  Moreover, as noted above, Hadden's clients were already given an extension of time to opt out. There is simply no basis for allowing an additional opt out period at this time. Indeed, to do so could create a read danger in unwinding the settlement.  This objection is overruled.

### C.  The Release

Several objections have been filed regarding the scope of the release, essentially objecting to a release of "future" claims, as follows:

-Class members Karen Ward and Malcolm Moulton filed a letter objection stating that the word "future" should be stricken from the release.  As they understand the

language, it will allow US Steel to indefinitely pollute without any repercussions.

-Moulton filed a second letter objection objecting to release including future losses except "catastrophic" losses."  He also raised his objections to the release at the hearing

-Class member J.L. Clark spoke at the hearing, stating the settlement amount was unfair and that he was concerned about the effect on future claims.

-River Rouge filed a Supplemental Notice of Objection on Behalf of Its Resident Class Members Regarding Release of Class Action Claims Against U.S. Steel.  It contends that "the revised release effectively insulates US Steel from any future claims because it operates a integrated steel mill and the likelihood of US Steel undertaking some new activity not already undertaken is remote."

-Marjorie Abrams, by Donnelly Hadden, also objects to the language in the release and adopts River Rouge's objections.

2.

River Rouge has no standing to object to the settlement because it is not a class member.  As such, its objections need not be considered.  Regardless, the objections all pertain to what claims the release covers and therefore River Rouge's objections are subsumed with the other objectors.  At explained by Class Counsel at the hearing, the objectors misread the language of the release.  The language is narrowly tailored to accomplish a release of only continuing nuisance claims based on existing equipment or other problems that pre-date and pre-exist the settlement.  The objectors confuse the release of continuing nuisance claims with a release of <u>all</u> future claims.  The release does not waive harms in the future, but only continuing nuisances, and then only as

9

defined in the Settlement Agreement.  Moreover, there is an overall exception to the release for catastrophic losses.  As explained by Class Counsel at the hearing, the release has been carefully drawn to curtail continuing nuisance claims tied to present conditions.  These objections are overruled.

    SO ORDERED.


                                    s/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE


Dated:  September 10, 2008


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 10, 2008, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                    Case Manager, (313) 234-5160