UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUNDRA STANLEY, MALCOM
MOULTON, CHARLES HUNTER,
BETTY COMPTON, MARCIA BROWN,
TANSLEY ANN CLARKSTON, individually
and on behalf of all others similarly situated,

      Plaintiffs,

v.                                                                    Case No. 04-74654

UNITED STATES STEEL COMPANY,                  HONORABLE AVERN COHN

      Defendant.

_____/

## MEMORANDUM AND ORDER ON REMAND REGARDING ATTORNEY FEES

I.

    This is an environmental air pollution class action case brought by residents of the cities of Ecorse and River Rouge.  The case settled for $4.45 million.  Appeals were taken by various persons based on a variety of grounds including, but not limited, to a challenge of the Court-approved class counsel attorney fee award.  The Court of Appeals for the Sixth Circuit vacated and remanded the Court's order approving the attorney fee award.  Specifically, the Sixth Circuit seeks "further explanation" of the Court's approval of the attorney fee award, including its reasons for adopting a particular methodology and the factors considered in arriving at the fee.  Moulton v. U.S. Steel, 581 F.3d 344, 352 (6th Cir. 2009).  For the reasons which follow, the Court reaffirms that the attorney fee award of $1,335,000.00, representing 30% of the settlement amount, is fair and reasonable.

II.

Fed. R. Civ. P. 23(h) provides that the court "may award reasonable attorney fees and nontaxable costs authorized by law or by agreement of the parties."   The Sixth Circuit has held that a court is to consider several factors in determining the reasonableness of an award, as follows:  "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides."  Bowling v. Pfizer, Inc., 102 F.3d 777, 780 (6th Cir. 1996).

Here, class counsel requests a percentage of the settlement fund. While district courts generally have discretion to apply either the percentage of the fund or the lodestar method in calculating fee awards, see Rawlings v. Prudential-Bach Props., Inc., 9 F.3d 513, 516-17 (6th Cir. 1993); In re Cardizem CD Antitrust Litig., 218 F.R.D. 508, 532 (E.D. Mich. 2003), the Sixth Circuit has observed a "trend towards adoption of a percentage of the fund method in [common fund] cases."  Rawlings, 9 F.3d at 515; In re Sulzer Orthopedics, Inc., 398 F.3d 778, 780 (6th Cir. 2005). Particularly, where counsel's efforts create a substantial common fund for the benefit of the a class, they are entitled to payment from the fund based on a percentage of that fund.  Brotherton v. Cleveland, 141 F. Supp. 2d 907, 909 (S.D. Ohio 2001); Basile v. Merrill Lynch, Pierce, Fenner, & Smith, Inc., 640 F. Supp. 697 (S.D. Ohio 1986) (citing Boeing v. Van Gemert, 444 U.S. 472, 478 (1980)).  This "allows a Court to prevent . . . inequity by assessing attorneys' fees against the entire fund, thus spreading fees

2

proportionately among those benefitted by the suit." Boeing, 444 U.S. at 478.

Use of the percentage method also decreases the burden imposed on the Court by eliminating a full-blown, detailed and time consuming lodestar analysis while assuring that the beneficiaries do not experience undue delay in receiving their share of the settlement. See In re Activision Sec. Litig., 723 F. Supp. 1373 (N.D. Cal. 1989); MCL 4th §14.121.

III.

The Court expands on its reasons for the attorney fee award as follows. Throughout the almost four years this case was on the Court's docket, it was the subject of a number of status conferences, motions, and other activities. Both parties in this action were well represented. Class counsel have substantial class action litigation experience, including toxic tort litigation of the type asserted in this case. Plaintiffs faced vigorous opposition from defendant's counsel, also experienced in this type of litigation. Counsel for the parties challenged each other over multiple issues throughout the litigation, including, but not limited to, liability, general causation and specific causation, issues to be tried to the jury, and admission of expert testimony.

With respect to class counsel, Jason J. Thompson, Sommers Schwartz and Peter W. Macuga, II, Macuga, Liddle, & Dubin, P.C., the Court finds that they fairly and adequately represented the interests of the class throughout the pendency of the litigation. In making this finding, the Court has read the statements made by attorney Jason J. Thompson in his Revised Declaration that was filed in support of the Joint Motion for Preliminary Approval (Dkt. # 134-9) and confirms that it is true and accurate, and supports the award of attorney fees in this case. The revised declaration,

particularly paragraphs 24-40, outlines the Bowling factors and explains the basis for the requested award. The revised declaration, which is incorporated here, is attached as Exhibit A.

The issues involved were complex. Class counsel performed extensive work identifying and investigating potential claims, vigorously and ably represented the interests of the class throughout the litigation, and committed the necessary resources to represent the class. Among their undertakings in representing the interests of the class, class counsel conducted initial research of Michigan Department of Environmental Quality and citizen complaints; reviewed over one hundred thousand pages of documents produced by U.S. Steel from the environmental, engineering, maintenance, and operation departments at its facility; conducted site visits to both class representatives' residences and U.S. Steel's facility; obtained class certification and provided notice to twenty thousand residents in the Cities of Ecorse and River Rouge; worked with plaintiffs' expert to implement appropriate air testing throughout the class area to support plaintiffs' case; developed plaintiffs' expert witness's reports and testimony on general liability and injury-to-class issues; reviewed expert reports of U.S. Steel's  expert witnesses and deposed two of those experts; filed and/or responded to thirteen Daubert[1] and dispositive motions; and prepared pretrial documents.

Additionally, the Court finds that the value of the benefit rendered to the class is substantial and benefits the class for the several years of pollution that the class endured. The award is in line with other air pollution cases and represents actual and

---

[1]Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993),

real monetary compensation to the residents for the 2 ½ years between May 20, 2003 and June 2006 when most of the air emissions and fallout are alleged to have occurred. The relief requested in the lawsuit was limited to monetary compensation, as the State of Michigan had already fined U.S. Steel over $900,000 and ordered corrective measures be taken relative to the air pollution control equipment at issue in this litigation.  No injunction was sought in this litigation.  The residents of Ecorse and River Rouge total approximately twenty thousand people.  They have and will receive actual monetary compensation for the invasion of their real property rights as a result of particulate matter fallout alleged to be emitted by U.S. Steel.

Further, this action was prosecuted by class counsel on a contingent fee basis. Numerous cases recognize that the contingent fee risk is an important factor in determining the fee award.  "A contingency fee arrangement often justifies an increase in the award of attorneys' fees."  In re Sunbeam Sec. Litig., 176 F. Supp. 2d 1323, 1335 (S.D. Fla. 2001) (quoting Behrens v. Wometco Enters., Inc., 118 F.R.D. 534, 548 (S.D. Fla. 1988), aff'd 899 F.2d 21 (11th Cir. 1990)).  Class counsel worked for over four years without payment, risking recovery of nothing in the event they were to generate no benefit for the class.

Class counsel seek a fee which is 30% of the total recovery.  This is within the range of approved percentages.  See In re Rio Hair Naturalizer Prod. Liab. Litig., MDL No. 1055, 1996 U.S. Dist. LEXIS 20440, *50 (E.D. Mich. Dec. 20, 1996) (observing that "more commonly, fee awards in common fund cases are calculated as a percentage of the fund created, typically ranging from 20 to 50 percent of the fund"); In re Cincinnati Gas & Electric Co. Sec. Litig., 643 F. Supp. 148, 150 (S.D. Ohio 1986); Wise v. Popoff,

835 F. Supp. 977, 980 (E.D. Mich. 1993); In re Dun & Bradstreet Credit Serv. Customer Litig., 130 F.R.D. 366, 372 (S.D. Ohio 1990).  See also Manual for Complex Litigation, Third § 24.121 (1995) (noting that most district courts select a percentage in the range from 24% to 30% of the fund).  Considering the relatively modest awards of $300 per class member household and the contingent-fee basis of this time-consuming litigation, the percentage of recovery method is the appropriate methodology for determining a reasonable attorney fee award in this case.

Further, the lodestar method may be used as a cross-check to ensure the fee is not excessive.  See MCL 4th §14.121, n. 504.  In his revised declaration, class counsel Jason J. Thompson states that, based on a review of the hours worked and the staffing required by the plaintiff law firms, a 30% attorney fee award would actually equate to negative lodestar multiplier being awarded, i.e., less than 1.  See Doc. No. 134-9 at 10.  Thus, a lodestar with a multiplier approach would result in a much larger fee award than the current request.  Therefore, the Court is further satisfied that class counsels' attorney fee award as a percentage of the fund is appropriate.

Considering all of the above, in recognition of their efforts in the protection and advancement of the interests of the class, this memorandum reaffirms the attorney fee award of $1,335,000.00 as being fair, reasonable under the circumstances, well-supported, and just pursuant to the factors stated above in Bowling, supra.

Accordingly, the Clerk is directed to enter an Amended Judgment approving

Class Counsel's attorney fees in the amount of $1,335,000.00.

SO ORDERED.

 s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  December 8, 2009

I hereby certify that a copy of the foregoing document was mailed to the
attorneys of record on this date, December 8, 2009, by electronic and/or ordinary mail.

 s/ Julie Owens
Case Manager, (313) 234-5160